UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01406-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, DENYING MOTION FOR RECONSIDERATION, DENYING MOTION FOR IMMEDIATE JURY TRIAL, AND DENYING MOTION TO OPEN DISCOVERY<br><br>[ECF Nos. 3, 4, 5, 6] |

Plaintiff Raymond Thomas Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the initial complaint on September 17, 2015, along with a motion for the appointment of counsel, motion for reconsideration, motion for demand for trial by jury, and motion for order compelling discovery.  (ECF Nos. 3, 4, 5, 6.)  The Court will address each motion separately.

**I.**

**DISCUSSION**

    **I.**    **Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court

1

may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the Court has yet to screen Plaintiff's complaint and based on a cursory review of the complaint, the Court does not find the required exceptional circumstances.  Accordingly, Plaintiff's motion for appointment of counsel will be DENIED without prejudice.

### II.     Motion for Reconsideration

Plaintiff indicates that he will seek reconsideration "in favor of the action against the Defendant and other(s) by Plaintiff pursuant to 42 U.S.C. § 1983."  The Court cannot decipher the nature of Plaintiff's motion for reconsideration, as the Court has not yet issued any rulings in this matter.  To the extent Plaintiff is seeking reconsideration of prior rulings in another case, Plaintiff cannot seek reconsideration by way of the instant/new action.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

### III.    Motion for Jury Trial

Plaintiff requests a jury trial.  The Court will accept this request as a demand for jury trial pursuant to Federal Rule of Civil Procedure 38.  To the extent that Plaintiff's request is a demand for immediate trial, it is DENIED.

///

**IV.     Motion to Open Discovery**

Plaintiff has requested a court order immediately opening discovery.  Plaintiff is advised to reach the First Informational Order issued in this action on September 18, 2015.  (ECF No. 7.)  The First Informational order explains that the Court will issue an order opening discovery and setting the deadlines for completion of discovery if and when an answer is filed by Defendants.  However, the Court must first screen Plaintiff's complaint.  28 U.S.C. § 1915(a).  If the Court makes a finding that the complaint states cognizable claims for relief under federal law against one or more of the named Defendants, the next step is for Defendants to be served with process and make an appearance in the action.  If and when Defendants file an answer, the Court will issue a scheduling order opening discovery.  The Court has not yet screened Plaintiff's complaint which will be done in due course.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice;
2. Plaintiff's motion for reconsideration is DENIED;
3. Plaintiff's demand for an immediate jury trial is DENIED; and
4. Plaintiff's motion to open discovery is DENIED.

IT IS SO ORDERED.

Dated:   **September 22, 2015**

UNITED STATES MAGISTRATE JUDGE