# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR., | Case No. 1:15-cv-01406-SAB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| CDCR, et al., | |
| Defendants. | AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed September 17, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 28, 2015 (ECF No. 10.)

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brings this civil rights action against the CDCR and Kern Valley State Prison. The complaint in this action consists of 20 pages of rambling narrative, including disjointed legal arguments and vague references to due process protections. Plaintiff appears to complain about the following conditions of his confinements. Improper calculation of time credits, false imprisonment, improper change of plea in his underlying criminal conviction, abuse of process, willful misuse of process. Plaintiff alleges generally that the CDCR has deprived him of due process of law. Plaintiff appears to allege that his liberty interest has been violated because his underlying criminal conviction is invalid.

The bulk of the complaint is taken up with what appear to be legal arguments regarding the tort of false imprisonment. Plaintiff does reference 42 U.S.C. § 1983, but appears to relate that issue to the invalidity of his underlying conviction. Plaintiff sets forth specific claims of miscarriage of justice, illegal restraint, and deprivation of good time credits. Typical of Plaintiff's claims are "the defendant(s) violation and the deprivation alleged to be suffered by the plaintiff. The deprivation caused by prison officials negligence of misconstrued county of conviction case factor jurisdiction, and an attached but unlached [sic] penal code deprivement of time credit percentage." (Compl. p. 4.) Throughout the complaint, Plaintiff makes numerous nonsensical claims. Plaintiff does, however, consistently complain about false imprisonment, and makes numerous references to his underlying criminal process, and the invalidity of his conviction.

### III.

### DISCUSSION

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described

by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b),(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of the litigation. Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner.

Plaintiff is also warned that he may not set forth all of his complaints about the conditions of his confinement in one lawsuit. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (9th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (9th Cir. 2011)(unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

The only discernible claim in Plaintiff's lawsuit is that he is challenging the validity or duration of his conviction. Plaintiff refers to an invalid criminal conviction, and claims he is falsely imprisoned. Plaintiff also seeks a restoration of good time credits, which affects the length of his sentence. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).

Where the complaint states a habeas claim instead of a §1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas action and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff is also advised that he must name individual defendants. The only identifiable

1 defendants in this action are the CDCR and Kern Valley State Prison. "The Eleventh
2 Amendment prohibits federal courts from hearing suits brought against an unconsenting state.
3 Though it language might suggest otherwise, the Eleventh Amendment has long been construed
4 to extend to suits brought against a state by both its own citizens, as well as by citizens of other
5 states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see
6 also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer
7 Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys.,
8 939 F.2d 676, 677 (9th Cir. 1991).

9    The Eleventh Amendment bars suits against state agencies as well as those where the
10 state itself is named as a defendant. Natural Resources Defense Council v. California
11 Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;
12 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of
13 Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles
14 Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The CDCR and Kern Valley
15 State Prison, as agencies of the State of California, are immune from suit.

16                                **IV.**
17                     **CONCLUSION AND ORDER**

18    Because the Court cannot discern any articulable claims in the complaint, the complaint
19 must be dismissed.  Plaintiff will, however, be granted leave to file a first amended complaint
20 that includes related, non-habeas claims.  The amended complaint is due within thirty (30) days.
21 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of
22 this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d
23 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

24    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
25 each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.
26 Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the
27 duties and responsibilities of each individual defendant whose acts or omissions are alleged to
28 have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 17, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **January 15, 2016**

UNITED STATES MAGISTRATE JUDGE