# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND THOMAS GARCIA, JR., | Case No. 1:15-cv-01406-SAB-PC |
| Plaintiff, | ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE TO THE FILING OF A PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CDCR, et al., | |
| Defendants. | ORDER DENYING MOTION FOR SUBMISSION OF MANUSCRIPTS (ECF No. 13) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's February 11, 2016, first amended complaint, filed in response to the January 19, 2016, order dismissing the original complaint with leave to amend. Plaintiff also filed a motion seeking to submit, and for the Court to consider, other court records in support of the first amended complaint.

///

///

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 28, 2015 (ECF No. 10.)

1

# I.

# PROCEDURAL HISTORY

In the order dismissing the original complaint, the Court noted that Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brought this civil rights action against the CDCR and Kern Valley State Prison. The complaint consisted of 20 pages of rambling narrative, including disjointed legal arguments and vague references to due process protections. Plaintiff appeared to complain about the following conditions of his confinements. Improper calculation of time credits, false imprisonment, improper change of plea in his underlying criminal conviction, abuse of process, willful misuse of process. Plaintiff alleged generally that the CDCR had deprived him of due process of law. Plaintiff appeared to allege that his liberty interest had been violated because his underlying criminal conviction was invalid.

The bulk of the complaint was taken up with what appeared to be legal arguments regarding the tort of false imprisonment. Plaintiff did reference 42 U.S.C. § 1983, but appeared to relate that issue to the invalidity of his underlying conviction. Plaintiff set forth specific claims of miscarriage of justice, illegal restraint, and deprivation of good time credits. Typical of Plaintiff's claims were "the defendant(s) violation and the deprivation alleged to be suffered by the plaintiff. The deprivation caused by prison officials negligence of misconstrued county of conviction case factor jurisdiction, and an attached but unlached [sic] penal code deprivement of time credit percentage." (Compl. p. 4.) Throughout the complaint, Plaintiff made numerous nonsensical claims. Plaintiff did, however, consistently complain about false imprisonment, and made numerous references to his underlying criminal process, and the invalidity of his conviction.

Plaintiff was advised that the statute under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978);

1 Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff was also advised that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).   Where the complaint states a habeas claim instead of a §1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas action and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d  251, 255 (9th Cir.  1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff was specifically advised that in order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Because the Court could not discern any articulable claims in the complaint, the Court dismissed the complaint and granted Plaintiff leave to file an amended complaint.

## II.

## DISCUSSION

### A.     First Amended Complaint

The first amended complaint largely restates the allegations of the original complaint. Plaintiff names as Defendants the CDCR and former CDCR Secretary Jeffrey Beard.  Plaintiff refers to conduct related to his underlying criminal conviction.  Plaintiff asserts vague allegations regarding a transfer to Corcoran State Prison in 2002, and his deprivation of good time credits. Plaintiff refers to the 4A yard at Tehachapi, but fails to identify or allege conduct by any

1  individuals at Tehachapi, or indicate when he was housed there.  Plaintiff again alleges that his
2  sentence is invalid and that his being illegally detained.   Plaintiff refers to correctional
3  counselors and their conduct regarding reversal or expungement of a habeas petition.

4  The allegations of the first amended complaint allege a deprivation of good time credits,
5  and therefore clearly affects the duration of Plaintiff's sentence.  Plaintiff was advised that where
6  the complaint states a habeas claim instead of a section 1983 claim, the court should dismiss the
7  claim without prejudice for failure to exhaust, rather than converting it to a habeas action and
8  addressing it on the merits.  Blueford, 108 F.3d at 251, Trimble, 49 F.3d at 583.   This Court
9  does not therefore have jurisdiction over any habeas claims in this civil rights action.

10  As to Plaintiff's conditions of confinement claim, the Court directed Plaintiff to allege
11  facts indicating how each individual Defendant acted to deprive Plaintiff of a protected interest.
12  The Court told Plaintiff, in simple terms, to describe what each Defendant did to violate
13  Plaintiff's rights.  Plaintiff has failed to do so here.  The first amended complaint consists of
14  vague and conclusory allegation.  Based on Plaintiff's failure to comply with the order to
15  describe what each Defendant did, the Court finds that, as to Plaintiff's conditions of
16  confinement claim, any further amendment would be futile.

**B.   Motion for Submission of Manuscripts**

18  Plaintiff has also filed a motion requesting leave of Court to submit copies of his state
19  court records, and "judicial manuscripts."  Plaintiff's submission consists of copies of documents
20  related to a petition for writ of habeas corpus filed in state court.  As noted, any habeas claims
21  should be brought in a separate action.  No documents extrinsic to the complaint or first amended
22  complaint are necessary to the resolution of this case, and the documents submitted by Plaintiff
23  do not refer in any way to the conduct of any of the named Defendants in this action.  Plaintiff's
24  request will therefore be denied.

**III.**

**CONCLUSION AND ORDER**

27  Plaintiff was previously notified of the applicable legal standards and the deficiencies in
28  his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely

4

1 identical to the original complaint.  Based upon the allegations in Plaintiff's original and first
2 amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts
3 that would support a claim for relief under 42 U.S.C. §1983, and further amendment would be
4 futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may
5 deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies
6 at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d
7 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

       Accordingly, IT IS HEREBY ORDERED that:

       1.  This action is dismissed without prejudice to the filing of a petition for writ of habeas corpus in a separate action; and

       2.  Plaintiff's February 11, 2016, motion to submit documents is denied.

IT IS SO ORDERED.

Dated:   **February 16, 2016**

UNITED STATES MAGISTRATE JUDGE